IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FRANK MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1160 |
| | ) | |
| SUPERVISOR OF ALBEMARLE | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| DR. HASSAN, JON BARRY, DIRECTOR | ) | |
| OF CAROLINAS MEDICAL CENTER, ITS | ) | |
| STAFF AND MEDICAL SERVICE | ) | |
| PROVIDERS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This civil rights action comes before the Court on the Motion to Dismiss [Doc. #20] filed by Defendant Supervisor of Albemarle Correctional Medical Services, the Motion to Dismiss [Doc. #28] filed by Defendant Director of Carolinas Medical Center, its Staff and Medical Service Providers, the Motion to Dismiss [Doc. #31] filed by Defendant Jon Barry; and the Motion to Dismiss [Doc. #34] filed by Defendant Dr. Hassan. Plaintiff is proceeding *pro se* pursuant to 42 U.S.C. § 1983 and has been advised of his right to respond to each of these motions. (Notice of Right to Respond [Doc. #26, #30, #33, #36].) Plaintiff responded only by filing a Motion to Appoint Counsel [Doc. #37] which the Court denied. For the reasons that follow, the Court recommends that Defendants' Motions to Dismiss be granted, and that this action be dismissed.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

Count One of Plaintiff's Amended Complaint [Doc. #6] is captioned "Negligence, Malpractice, and Deliberate Indifference to Plaintiff's Rights of Bodily Integrity, Medical Competency and Safety, Reasonable Quality of Medical Care." (Id. at 4.)  He alleges that on June 26, 2011, he reported to Albemarle Correctional Medical Services seeking treatment for abdominal pain, stiff neck, dark urine, chest pains, lower back pain, general weakness, difficulty sitting up and walking, difficulty using the toilet, and rectal bleeding.  Dr. Hassan examined him and prescribed use of a wheelchair and placed Plaintiff on a regimen of antibiotics.  Plaintiff saw Dr. Hassan "a number of times subsequently."  Dr. Hassan took a stool specimen and advised Plaintiff that he was suffering from hemorrhoids.  At an unspecified time thereafter, Plaintiff was sent to Albemarle Hospital but was transferred back to prison within two hours.

Plaintiff further alleges that on or about July 18, 2011, he was admitted to Carolinas Medical Center where he remained through August 2011 undergoing treatment.  While there, he had surgery to drain fluid accumulating around his heart and received kidney dialysis five different times.  Plaintiff complains that on the last dialysis session, the machine malfunctioned and he began to bleed uncontrollably, required immediate surgery, received blood transfusions, and was placed in intensive care until his condition improved.  He was discharged after three to four weeks in the hospital and returned to the prison.  Within the next ten days Plaintiff was hospitalized for different ailments at Catawba Valley Medical Center and Albemarle Community Hospital.  Plaintiff also alleges that he is HIV positive and that Dr. Hassan and the medical service's supervisor knew this.

Plaintiff's second count is for "Violation of contractual obligations, Libel of plaintiff's good name and reputation, Medicaid and fiduciary irregularities and deliberate indifference and violation of plaintiff's liberty interest and rights established by state statute and regulation." (Am. Compl. [Doc. #6] at 7.) He alleges that when he was admitted to Carolinas Medical Center, the North Carolina Department of Public Safety and Albemarle Correctional Medical Services Supervisor "had entered into a binding contractual arrangement for plaintiff's treatment." (Id.) Plaintiff contends that "Carolinas, its Director, staff and service providers" understood that the North Carolina Department of Public Safety and Albemarle Medical Services "was the party responsible for plaintiff's medical bills." Plaintiff further claims that he was indigent when admitted to Carolinas and "desirous of coverage under the Medicaid program." (Id. at 8-9.) He says that records from Carolinas show his "status as a Medicaid patient." (Id. at 9.) He claims that Carolinas "accepted Medicaid assignment for plaintiff's treatment" and also billed him for the services provided.

When he did not pay his medical bills, Plaintiff says that they were turned over to a collection agency, Paragon Revenue Group ("Paragon"). Paragon reported his alleged failure to pay to "all three national credit reporting agencies" and threatened Plaintiff with legal action, according to Plaintiff. Plaintiff states that he advised the Defendants of this "erroneous billing" and his belief that the North Carolina Department of Public Safety bore responsibility for his unpaid balances. He says that he received no response from Defendants. Plaintiff also alleges that Carolinas billed him "above and beyond the amount that Medicaid authorized for plaintiff's course of treatment and services rendered." (Id. at 10.)

3

Plaintiff seeks damages and injunctive relief as relief.

II. DISCUSSION

   A. Dr. Hassan

Defendant Dr. Hassan is the only Defendant who, by Plaintiff's allegations, treated him for any of his alleged medical problems in the prison setting. Although not clearly alleged, Dr. Hassan was apparently the unit physician at Albemarle Correctional Center where Plaintiff was housed. Dr. Hassan moves to dismiss on the ground that Plaintiff's allegations fail to state a claim upon which relief may be granted. (Br. [Doc. #35].)

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under § 1983, a prisoner's claim of inadequate medical care implicates Eighth Amendment concerns. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). To show a violation of the right, Plaintiff must establish that the defendant acted with "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The "serious medical need" component is objective and is a medical condition that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a non-physician would recognize the need for a doctor's attention. Iko, 535 F.3d at 241. The deliberate indifference component is judged subjectively, meaning that the defendant knew of and disregarded the risk posed by the serious medical need. Id. This showing is a "particularly high bar to recovery," and a showing

of mere negligence will not meet it. Id. To have been deliberately indifferent, the defendant must actually know of the risk of harm to the inmate, and must also have known that his actions were insufficient to mitigate the risk of harm to the plaintiff from his serious medical need. Id.

Under these standards, it is clear that Defendant Hassan's motion to dismiss on the basis that Plaintiff has failed to state a claim against him should be granted. Plaintiff's allegations show that Dr. Hassan began treating Plaintiff around June 26, 2011. Dr. Hassan prescribed medication and a wheelchair for Plaintiff. Plaintiff saw Dr. Hassan "a number of times" subsequently, and Dr. Hassan took a stool specimen at some point. Plaintiff was then hospitalized at Albemarle Hospital, and quickly released back to the prison. Plaintiff does not allege that the hospital made any different diagnosis than did Dr. Hassan or recommended treatment not provided by Dr. Hassan. On July 18, 2011, Plaintiff was admitted to Carolinas Medical Center and came under the care of the staff there. These facts at most show that Plaintiff disagreed with Dr. Hassan about the course of treatment he received.

A difference of opinion between an inmate and the medical provider on the proper course of treatment, which is what the facts set out by Plaintiff show, fails to establish deliberate indifference unless exceptional circumstances are alleged. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.") Here, Plaintiff has not alleged any exceptional circumstances. Therefore, Dr. Hassan's motion to dismiss all claims against him should be granted pursuant to Rule 12(b)(6).

5

B.      Supervisor of Albemarle Correctional Medical Services

Plaintiff alleges that the supervisor of Albemarle Correctional Medical Services ("Supervisor") "bears full responsibility for Medical Services policies, actions, and responses. The Supervisor signs all medical service provider contracts and supervises and manages the actions and performance of all medical staff." (Am. Compl. [Doc. #6] at 5.) Plaintiff also alleges that the supervisor knew of his grievances, and authorized his treatment while at Albemarle Correctional Institution and his transfers to hospital facilities. Plaintiff says that the supervisor "bears direct administrative responsibility" for his injuries and torts. (Id. at 6.) Plaintiff never provides the name of this supervisor, however.

Counsel from the North Carolina Attorney General's office has filed a Motion to Dismiss [Doc. #20] on behalf of the Supervisor contesting service of process and jurisdiction. Although the motion to dismiss suggests several possible entities that Plaintiff might be attempting to sue by the description of the duties performed, the Court agrees that it appears Plaintiff is attempting to sue an unidentified individual rather than the state or a state agency.

The return of service for the Supervisor shows that Plaintiff addressed the summons to Albemarle Correctional Institution. (Return of Service [Doc. #25].) Defendant contends that the summons was received by the institution's mail room, that the duties listed by Plaintiff for the Supervisor are performed by more than one person, and that none of these individuals work at Albemarle Correctional Institution. (Br. [Doc. #21] at 2.)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(5) is the proper method for challenging the sufficiency of the service of process. Elkins v. Broome, 213 F.R.D. 273, 275

6

(M.D.N.C. 2003). Plaintiff has the burden on such a motion of establishing that the service of process has been performed in accordance with Federal Rule of Civil Procedure 4. Id. The Court may properly consider affidavits submitted in support of a Rule 12(b)(5) motion without converting the motion to one for summary judgment. Morrison v. George E.B. Holding, No. 7:11CV168, 2012 WL 1132787 at *4, n.2 (E.D.N.C. Apr. 4, 2012).

Federal Rule of Civil Procedure 4(e) sets out the proper methods of service on an individual. Under Rule 4(e)(1), service may be effected under state law, while Rule 4(e)(2) allows service by delivering a copy to the individual personally, by leaving a copy at his dwelling place, or by delivering to the individual's agent authorized by law to receive service.

Here Plaintiff attempted service at the location Plaintiff apparently believed was the Supervisor's workplace, Albemarle Correctional Institution. However, Plaintiff has not carried his burden of showing that service was proper under Rule 4 in that he either delivered a copy of the summons and complaint to the Supervisor personally, left a copy at his dwelling place, or delivered a copy to an authorized agent. Moreover, under North Carolina state law which Rule 4 incorporates, Plaintiff has not shown that he mailed a copy of the summons and complaint to the Supervisor at his residence or place of employment and that it was delivered to the Supervisor. See N.C. Gen. Stat. § 1A-1, Rule 4(j)(1). Therefore, Plaintiff has failed to carry his burden of showing proper service upon Defendant Supervisor.

In addition, the argument and supporting affidavits submitted by counsel for the North Carolina Attorney General's office suggest that there is no such person as the Supervisor, as Plaintiff has described, at Albemarle Correctional Institution. Plaintiff has not responded to the

motion to dismiss nor shown good cause for not having served the Supervisor. Plaintiff has had well over 120 days since his Amended Complaint was filed to effect proper service as required by Federal Rule of Civil Procedure 4(m). Therefore, because it appears that Plaintiff will never be able to effect proper service upon the Supervisor, the Court recommends that claims against the Supervisor be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Rule 12(b)(5).

    C.    Jon Barry

Defendant Jon Barry, the alleged CEO of Paragon Revenue Group, has moved to have all claims against him dismissed due to insufficient service of process and because Plaintiff has failed to state a claim upon which relief may be granted. (Memo. [Doc. #32].) Plaintiff named the Defendant as "Jon Barry, CEO of Paragon Revenue Group." (Compl. [Doc. #6] at 2.) He did not name the Paragon Revenue Group as a defendant.

Defendant argues that "Jon Barry, CEO of Paragon Revenue Group" has not been properly served a copy of the summons and complaint because there is no such person. Plaintiff attempted to serve Defendant "Jon Barry" at Paragon Revenue Group in Concord, North Carolina. (Return [Doc. #23].) The individual served was Susan King. (Id.) Defendant has submitted an affidavit to explain why there is no one named Jon Barry. Jon B. McCall, the President of Jon Barry and Associates, Inc., states in his affidavit that Jon Barry and Associates, Inc. is a North Carolina corporation holding a collection agency license in North Carolina. (McCall Aff. [Doc. 32-1] at 1.) He further states that Jon Barry and Associates, Inc. transacts

business as Paragon Revenue Group. (Id.)  Finally, Mr. McCall states that "[t]here is no person named 'Jon Barry' employed by Paragon Revenue Group as its CEO or otherwise." (Id.)

Plaintiff has not come forward with any showing that the Defendant he has named exists. Further, the same Rule 4 defect cited above for Defendant Supervisor exists as to Defendant Jon Barry. Plaintiff has not shown that Defendant Jon Barry has been properly served a copy of the summons and complaint. Plaintiff attempted service by mail addressed to Jon Barry's supposed work address, but fails to show that it was delivered to him. He did not accomplish service by the allowed methods of delivering a copy to Defendant Barry personally, by leaving a copy at Mr. Barry's dwelling place, by serving an authorized agent, or by mailing a copy to his residence or place of employment. Therefore, under Rule 4(m), considering the showing that there is no such person as Defendant Jon Barry, this Court recommends that all claims against Defendant Jon Barry be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Rule 12(b)(5).

D.   Director of Carolinas Medical Center, its Staff and Medical Service Providers

The final Defendant named by Plaintiff is the Director of Carolinas Medical Center, its Staff and Medical Service Providers ("Defendant Director"). Defendant Director argues that all claims should be dismissed against it because Plaintiff fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Br. [Doc. #29].)

Plaintiff's Complaint essentially asserts two acts of medical negligence against Defendant Director. First, Plaintiff alleges that "the hospital's dialysis machine malfunctioned" and, second, that the Carolinas medical staff was unaware of Plaintiff's "prior condition of internal

9

bleeding." (Compl. [Doc. #6] at 5.) The actions of Defendant Director are judged under the same standard of deliberate indifference to a serious medical need, as set out above for Defendant Hassan. See Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994) (private physician assuming state's constitutional obligation to provide medical care to inmate acts under color of state law and is subject to deliberate indifference standard).

As with other Defendants, Plaintiff has not named a specific individual who allegedly acted with deliberate indifference. Plaintiff has not made any allegations of deficient treatment by the Director of the Carolinas Medical Center. Nor has he identified any specific staff member or medical service provider. Plaintiff cannot rely upon vicarious liability or respondeat superior to hold a corporate employer liable for the actions of its employees under section 1983. Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982). He has not identified any policy of the employer which an employee allegedly executed to cause the deprivation of a constitutional right. Plaintiff must name the individual who actually caused the deprivation of a right. Id. He has failed to do so with regard to the Carolinas Medical Center.

Additionally, Plaintiff has failed to allege sufficient facts for the Court to infer that either of the two medically-related incidents he complains about at the medical center, the dialysis machine malfunction or the failure to become aware of Plaintiff's prior condition of internal bleeding, was the result of deliberate indifference. See Iko v. Shreve, 535 F.3d 225.

Finally, as to whether Carolinas improperly billed Plaintiff or billed him and Medicaid for the same procedures, he has not named the medical center as a defendant nor any staff member that may have participated in such actions.

Accordingly, Defendant Director's motion to dismiss should be granted pursuant to Rule 12(b)(6).

E. State Law Claims

Plaintiff may be attempting to assert state law claims for medical malpractice, libel, and/or breach of contract. To the extent that he wishes to raise such claims, because the Court recommends that all federal claims be dismissed, the Court recommends that such state law claims be dismissed pursuant to 28 U.S.C. § 1367(c).

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss filed by Defendant Supervisor of Albemarle Correctional Medical Services [Doc. #20] be granted and that all claims against that Defendant be dismissed without prejudice pursuant to Rule 12(b)(5) and Rule 4(m); that the Motion to Dismiss filed by Director of Carolinas Medical Center, its Staff and Medical Service Providers [Doc. #28] be granted pursuant to Rule 12(b)(6); that the Motion to Dismiss filed by Defendant Jon Barry [Doc. #31] be granted without prejudice pursuant to Rule 12(b)(5) and Rule 4(m); that the Motion to Dismiss filed by Defendant Dr. Hassan [Doc. #34] be granted pursuant to Rule 12(b)(6); and that any state law claims that Plaintiff wishes to raise be dismissed pursuant to 28 U.S.C. § 1367(c) without prejudice.

This, the 19th day of August, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge